UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY L. FLETCHER,<br><br>    Plaintiff,<br><br>   v.<br><br>GARCIA, et al.,<br><br>    Defendants. | Case No. 18-cv-03350-YGR (PR)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL; AND *SUA SPONTE* GRANTING HIM EXTENSION OF TIME TO FILE OPPOSITION** |

Before the Court is Plaintiff's second motion for appointment of counsel to represent him in this action. Dkt. 20. In an Order dated January 16, 2019, the Court denied Plaintiff's first request for appointment of counsel. Dkt. 9. Also pending is Defendants' motion for summary judgment. Dkt. 21.

Plaintiff requests that the Court appoint counsel because the issues presented are complex, he has limited access to the law library, he cannot effectively litigate his case, and he suffers from certain physical impairments. Dkt. 20 at 3-6. However, as stated in the Court's previous order denying appointment of counsel there is no constitutional right to counsel in a civil case. Dkt. 9 at 4 (citing *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981)). 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." *Mallard v. United States Dist. Court*, 490 U.S. 296, 310 (1989).

The court may ask counsel to represent an indigent litigant under section 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See Rand v. Rowland*, 113 F.3d 1520, 1525

1  (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*,
2  789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before
3  reaching a decision on a request for counsel under section 1915. *See id.* Neither the need for
4  discovery, nor the fact that the *pro se* litigant would be better served with the assistance of
5  counsel, necessarily qualify the issues involved as complex. *See Rand*, 113 F.3d at 1525 (where
6  plaintiff's pursuit of discovery was comprehensive and focused and his papers were generally
7  articulate and organized, district court did not abuse discretion in denying request for counsel).

8  Here, the Court finds that Plaintiff has aptly presented his claims, and that the issues
9  presented in the Defendants' motion for summary judgment are straightforward. Accordingly, the
10 Court finds that appointment of counsel is not necessary at this time. Plaintiff's second motion for
11 appointment of counsel is DENIED without prejudice. Dkt. 20.

12 Plaintiff's opposition to Defendants' pending motion for summary judgment is due on
13 April 16, 2019. The Court *sua sponte* GRANTS Plaintiff an extension of time to file his
14 opposition. The time in which Plaintiff may file his opposition will be extended up to and
15 including **May 16, 2019**. Defendants shall file their reply no later than **fourteen (14) days** after
16 the date Plaintiff's opposition is filed.

17 This Order terminates Docket No. 20.
18 IT IS SO ORDERED.
19 Dated: April 2, 2019

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge